# EXHIBITS A–I

A. Copy of letter to Angelo Falasco of the St. of Del. Public Def. office in Wilmington, dated 4/24/05. (Two other copies were made. One for The Hon. Judge Herlihy and another for my attorney of record Dean C. DelCollo.)

B. Note from SGT. GREEN from 5/6/05

C. Grievance Report # 05-13788 dated 5/11/05. LT. FARMER's REPORT

D. MEMO from K. GROCKI dated 5/26/05

E. 5/31/05 Correspondence from Prothonotary

F. 6/15/05 Institutional Form # 34 -or- "Pay-To Slip"

G. 6/10/05 Correspondence from Prothonotary

H. MEMO from WARDEN RAFAEL WILLIAMS dated 6/17/05

I. 6/21/05 Commissary receipt .6¢ balance

EX. A

April 24, 2005

Mr. Angelo Falasco
820 N. French St. 3rd fl.
Wilm., DE 19801

Re: Removing D.C. DelCollo from St. v. Edward Selby I.D.NO. 0501003723

Dear Mr. Falasco:

I am the defendant in the above-titled cause, and your colleague Mr. DelCollo, was assigned by the Office of the Public Defender, to represent me; as of, or about the date of 1-14-05.

I wish to inform you of Mr. DelCollo's cognizant negligent actions of which subsequently have damaged my defense...

On 3-11-05 Mr. DelCollo failed to appear at my initial case review, of which one of his colleagues substituted for him. Mr. DelCollo's substitute made a Motion for Discovery of which the defense requested a certain surveillance camera video tape from the Lancaster Ave. Family Dollar store in question. The Court ordered the State's Attorney to produce aforementioned exculpatory evidence by 3-18-05. On 3-21-05 Mr. DelCollo attended case review with me, and was present when the State's Attorney made a factitious report regarding aforementioned exculpatory evidence. The State's Attorney claimed that, to the affect that, the store didn't have any security cameras. Mr. DelCollo had reason to believe otherwise, and yet he told the judge that our Discovery issues were satisfied. I had a sidebar with Mr. DelCollo expressing my disapproval of his response to the judge. It was at that time that Mr. DelCollo placed his hand on the microphone and told me that it was a minor formality, and that he'd have me back in court within three weeks, and he assured me that he'd have a lesser offense on the table, so that I could enter a plea and I'd probably receive 4-6 months lev. (5), to which I agreed. On or about 4-11-05 I did receive the Court Order for trial scheduled for 7-21-05. I immediately attempted to establish contact with Mr. DelCollo at the Public Defender's Offices, but to no avail. Instead, I left a recorded message(s) for Mr. DelCollo, where I expressed my displeasure with his deceptive

1 of 2

behaviors towards, and in reference to, me and this case.

So now, not only is the State's Attorney's Office violating my 14th Amend. Right to Receive Due Process whereas the production of exculpatory evidence is concerned, of which is producing undo and unfair strain on my defense of which will subsequently, prejudice my case. Now, I've got my Counsel of Record adding more undo strain on my case, due to his violating Del. Lawyer's Rules of Professional Conduct. Rules 1.1, 1.2, 1.3.

Wherefore, to the best of my knowledge, I've presented these issues to you, with the upmost veracity of the events, as I've experienced them. Which I believe warrants the removal of Mr. DelCollo from this case.

Further, not only do I request a new Counsel of Record, but, I also request said attorney to file the following motions to The Honorable Judge Jerome Herlihy:

1) Compel Further Discovery (requesting Security Instruments Corp. to produce a work order of installation at the Lancaster Ave., Wilmington, Del. Family Dollar and/or a surveillance camera videotape from that store's location on 1·6·05. In accordance with Del. Rules 16 B).

2) Suppression of Defendant's statements made prior to being Mirandized by W.P.D officer Garcia on 1·6·05.

Your assistance would be greatly appreciated.

Sincerely,
x Edward J. Selby  4/24/05
  Defendant

CC: Honorable Judge Jerome Herlihy
CC: Angelo Falasco
CC: Dean C. DelCollo