IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD J. SELBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-487-*** |
| ) | |
| WARDEN RAFAEL WILLIAMS, ) | |
| K. GROCKI, and MR. DIAL, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR MANDATORY INJUNCTION**

Defendants Warden Raphael Williams, Kathleen Grocki and Cpl. Sean E. Dial ("Defendants") hereby oppose Plaintiff's Motion for Mandatory Injunction [D.I. 38] and, in support thereof, state as follows:

1. Plaintiff Edward J. Selby ("Plaintiff") is an inmate within the custody of the Delaware Department of Correction ("DOC") incarcerated at Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. In this *pro se* prisoner civil rights action, Plaintiff claims that, during an earlier incarceration at HRYCI, his access to the courts was denied when his legal mail was returned to him for insufficient postage, rather than being sent to its intended recipients.

2. In his pending Motion for Mandatory Injunction, Plaintiff claims that the Defendants persist in refusing to pay postage for his outgoing legal mail. Specifically, he alleges that on November 30, 2006, he attempted to send correspondence to undersigned counsel, and that the letter was returned to him as unmailed by mailroom personnel.

Plaintiff further claims that, in a second incident, on December 12, 2006, legal mail addressed to his attorney was returned to him by mailroom personnel.

3.   In support of his claim for injunctive relief, Plaintiff states that he is currently involved in "pre-trial litigation for criminal and civil actions," and a delay by Defendants in providing him with free legal postage could prove disastrous to him, such as when "a Motion filing deadline is involved."

4.   In a directive addressed to inmates at HRYCI, Defendant Raphael Williams ("Warden Williams"), Warden at HRYCI, explained the mail procedure at the institution. The directive, attached hereto as Exhibit A, provides that "[i]ndigent inmates will be provided mail supplies for legal mail only." The term "mail supplies" is defined to include postage-paid envelopes. An "indigent inmate" is defined as an "inmate without funds to pay for mail."

5.   Since December 18, 2006, Plaintiff has had no funds in his inmate account. *See* Dial Affidavit attached hereto as Exhibit B. Thus, since that time, pursuant to the institution's mail directive, Plaintiff has qualified as an indigent inmate.

6.   HRYCI maintains a list of indigent inmates who are entitled to free legal mail. That list is posted in the mailroom. Plaintiff's name is on the most recent indigent inmate list. *Id.*

7.   HRYCI maintains in the prison mailroom a log of all legal mail sent out from the institution. *Id.*

8.   The log shows that the following legal mail was sent out: November 30, 2006, correspondence from Plaintiff to the Public Defender; December 4, 2006, correspondence from Plaintiff to undersigned counsel; and December 13, 2006,

correspondence from Plaintiff to the Public Defender. *Id*. Thus, mailroom records show that, during the time frame referenced in Plaintiff's Motion, Plaintiff's legal mail was mailed from HRYCI to the intended recipients.

9. Further, recent records demonstrate that Plaintiff continues to send out legal mail on a regular basis. On February 16, 2007, six items of legal mail from Plaintiff were sent out from the mailroom. Legal correspondence from Plaintiff was sent out on February 22, 2007 and February 26, 2007. Two items were sent out on March 2, 2007. Most recently, legal correspondence from Plaintiff was mailed on March 5, 2007. *Id.*

10. In short, there is no evidence that Plaintiff is being precluded from sending out his legal mail due to lack of funds for postage, or for any other reason.

11. "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir. 1989) (*quoting Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir. 1988)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district court. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.,* 630 F.2d 120, 136 (3d Cir.), *cert. denied*, 449 U.S. 1014 (1980).

12. A plaintiff moving for injunctive relief must demonstrate that: 1) he is likely to succeed on the merits; 2) denial will result in irreparable harm; 3) granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public's interest. *Maldonado v . Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998), *cert. denied,* 526 U.S. 1130 (1999). An injunction should issue only where all

3

four factors favor relief.  *S&R Corp. v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

13.  "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  *Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 359 (3d Cir. 1980) (*quoting Holiday Inns of America, Inc. v. B&B Corp.,* 409 F.2d 614, 618 (3d Cir. 1969)).  "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  *SI Handling System, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

14.  In this case, Plaintiff cannot satisfy the four factors which must be met before an injunction will issue.

15.  First, Plaintiff cannot show that he is likely to succeed on the merits of his claim.  Plaintiff is in effect arguing that he has been denied access to the courts by virtue of Defendants' alleged failure to provide him with free legal mail.  However, an inmate who alleges a violation of his First Amendment right of access to the courts must show an actual injury.  *Lewis v. Casey,* 518 U.S. 343, 350 (1996).  Actual injury can be demonstrated by showing that the defendants' actions resulted in the "loss or rejection of a legal claim."  *Oliver v. Fauver,* 118 F.3d 175, 177 (3d Cir. 1997).  The underlying lost or rejected claim must be specifically identified and must be meritorious.  *Christopher v. Harbury,* 536 U.S. 403, 414 (2002).

16.  With respect to his correspondence in December 2006, Plaintiff has not even alleged that he sustained any type of injury.  The mailroom logs show that legal mail from Plaintiff was sent out during the relevant time period.  Plaintiff has not claimed

4

that any delay in sending out that mail caused the loss or rejection of a legal claim. Thus, Plaintiff could not succeed on the merits of his claim that Defendants violated his right of access to the courts.

17. In addition, Plaintiff cannot satisfy the second required factor. He makes no showing that denial of his Motion will result in irreparable harm. The mailroom logs show that, during the past month, HRYCI has frequently sent out legal mail from Plaintiff. Further, Plaintiff is on the indigent list, and, contrary to his claims, he is receiving free legal postage.

18. Plaintiff attempts to base his motion for injunctive relief on speculation that a delay in receipt of free postage *could* be disastrous. He suggests that if he does not receive free postage in a timely manner, he *could* miss a filing deadline. However, he has not pointed to any instance where he has missed a filing deadline, he has not identified any imminent filing deadlines, and he has provided no evidence that his legal mail is not being sent out. An injunction should not be issued "simply to eliminate a possibility of a remote future injury." *Continental Group, Inc.*, 614 F.2d at 359. Plaintiff cannot show that he is presently in danger of suffering irreparable harm.

19. Plaintiff cannot show that he is likely to succeed on the merits or that denial of his motion will result in irreparable harm. Thus, he has failed to satisfy the four requisite factors, and he is not entitled to issuance of an injunction.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Mandatory Injunction.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ Eileen Kelly
        Eileen Kelly, I.D. No. 2884
        Deputy Attorney General
        Carvel State Office Building
        820 North French Street, 6th Floor
        Wilmington, DE  19801
        (302) 577-8400
        eileen.kelly@state.de.us
        Attorney for Defendants

Date:  March 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2007, I electronically filed *Defendants' Response to Plaintiff's Motion for Mandatory Injunction* with the Clerk of Court using CM/ECF. I hereby certify that on March 14, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: Edward J. Selby.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us