# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EDWARD J. SELBY,
PLAINTIFF,

v.

C.A. No. 05-487 ***

RAFAEL WILLIAMS, ET AL.,
DEFENDANTS.

### PLAINTIFF'S RESPONSE TO DEFENDANT(S) RESPONSE TO MOTION FOR MANDATORY INJUNCTION

COMES NOW, the PLAINTIFF, with this response to Defendant(s) Response To this Plaintiff's Motion For Mandatory Injunction, being heard in this Honorable Court. This Plaintiff now responds to paragraph(s) of the Defendant(s) response, beginning with paragraph number:

2. On or about 12/21/06 this Plaintiff mailed to this Honorable District Court and to D.A.G. Ms. Eileen Kelly, the original and copy of opened envelopes of which were addressed to Ms. Kelly and Public Defender Assistant, Mr. Dade-D. Werb, of which each envelope displayed writing in the upper right hand-corner of which informed this Plaintiff that said legal envelopes, lacked .39¢ or a pay-to slip was needed, in order to have the mailroom send the aforementioned mail to addressees.

4. The "Directive" by Warden Rafael Williams of HRYCI, exhibit A, of which explains the institutional mailing procedures, is a document that this Plaintiff had NEVER seen before. And as the aforementioned document is NOT posted on the inmate housing areas, I can hardly agree that the information contained within was intended for inmate population informative purposes. Also, the Directive —

FILED
MAR 27 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1 of 5

defines an Indigent inmate as: "An inmate without funds with which to pay for mail." Yet, that directive contradicts D.O.C. Policy 4.0, Chap. 3 of which policy is posted at the institution's "old-side" law library's inside door. But, regulations that unjustifiably obstruct the right of access to the courts is invalid. see Procunier v. Martinez, 416 U.S. at 419.

5. Ms. Kelly states that beginning on 12/18/06, this Plaintiff "had no funds in his inmate account", yet, if you review pg. 1 of Exhibit 1's the Resident-History Report, you'll notice that on 10/16/06 my inmate account had a balance of .21¢. And then on 10/17/06 that balance became .08¢, which lasted for @ two months when on 12/11/06 I had received $20.00 from family. But if we are to believe the aforementioned Directive by Warden Williams then, I should've been considered "indigent" beginning on 10/16/06 because, I lacked "funds with which to pay for mail"; and NOT starting on 12/18/06 as Ms. Kelly suggests.

6. As just demonstrated in the previous two paragraphs, an indigent inmate is one of whom lacks "funds with which to pay for mail." Currently, the going rate for a U.S.-Postage Stamp is .39¢. And I've had less than that amount in my inmate account and had been refused indigent status by the facility's Business office personnel, wherefore we can reasonably assume that HRYCI does not maintain a list of all indigent inmates because I can show (on different occasions) where I had less than enough monies with which to purchase a postage stamp, and was denied indigent status.

8. Ms. Kelly states that Plaintiff's legal correspondences dated 11/30, 12/4 and

12/13/06 were all mailed out of facility within a "time frame", "to the intended recipients"; yet, Ms. Kelly appears to be minimizing and rationalizing the fact that on 12/1/06 when the Plaintiff attempted to have mailed correspondence to Ms. Kelly, the mailroom staff had returned that letter to me as unopened, and unmailed for lack of a pay-to slip (of which mailroom personnel wrote on the envelope); I again placed said letter into the mailroom's care (inside of another envelope) and it was finally mailed out. I filed institutional grievances on this and other incidents, recently; particularly on 12/13/06 I had attempted to mail a letter to my Public Defender attorney of which was also sent back to me by mailroom staff for lack of .39¢ postage.

10. As aforementioned paragraphs 4, 5, 6, and 8 demonstrate, this Plaintiff's right to access legal correspondences was abridged, hampered with, and/or delayed by this facility's mailroom staff, of which is ongoing.

11-13. In response to paragraph(s) 11-13 of Ms. Kelly's Response, inmates have been granted Injunctions in a variety of cases. see <u>Ruiz v. Estelle, 503 F. Supp. 1275</u> and <u>Diamontinex v. Borg, 918 F.2d 793 (9th Cir. 1990)</u> as well as <u>Martyr v. Bachik, 770 F. Supp. 1406 (D. Ore. 1991)</u>. This Plaintiff has motioned this Court for a Mandatory Injunction on the premise that, here at this facility, I do not have an "adequate remedy at law" which I maintain that, as I am confined within the H.R. Young facility, I am at a grievous loss. I also attempted to show that past abridgement of my rights to access the Courts or attorneys, has also been hampered and/or tampered with by D.O.C. HRYCI policy and personnel. Whether by conflicting directives, practices, and/or indigent mailing-

procedures. Recent, as well as past incidents may be evidence that future misconduct is likely. See Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 564- (1990). The fact that the Defendant(s) have changed their practices and procedures under pressure of litigation, does not moot an injunctive claim. See City of Mesquite v. Alladdin's Castle, 455 U.S. 283, 289.

15. Ms. Kelly argues that this Plaintiff has failed to show that injury has occurred pursuant to an allegation of a violation of my First Amendment right to access the Courts, attorneys, etc. yet, Ms. Kelly can't disprove that harm has come to me, nor can Ms. Kelly disprove that harm has accumulated into some form of injury either. Also, this Plaintiff filed a civil suit via § 1983 vehicle due to the facts that being a prisoner of the State's H.R. Young facility (of whom the defendants are the Plaintiff's caretaker) the Defendants owe a duty to provide for this Plaintiff's needs. And "ready" access to the Courts, is a "fundamental constitutional right". Those are the requisites of U.S.C.A. Const. Amends. 5, 14. If nothing else, this Plaintiff has shown a persistent pattern of interference with my attempts to correspond with court officers.

16-19. Ms. Kelly also points out that this facility's Business office and Mailroom personnel have allowed the plaintiff's most recent outgoing, legal mailings to leave the facility, unhindered; yet, as the Court decided in City of Mesquite v. Alladdin's- Castle, just because jail personnel "change" their practices under pressure of litigation, does not moot an injunctive claim. And in regards to the totality of this prison's conditions, there is nothing "speculative" about misconduct on behalf of the administration, security, and health care provider(s). As a recent article in the

local News Journal quoted Warden Williams on 10/19/06 at a meeting of his Medical Audit Committee, "Since the D.O.J. was here, I don't even bother with medical anymore." And as federal investigators recently found "substantial" violations of prisoner's rights, one can intelligently gather that a pervasive mentality of indifferences permeates within this facility's employees. As the old adage goes... "as above, so below."

    WHEREFORE, the Plaintiff, respectfully requests this Honorable Court to review all of the information, and GRANT this Plaintiff's Motion For Mandatory Injunction, against the Defendants.

                                        Respectfully,
                                        X _Edward J. Selby_
                                        EDWARD J. SELBY
                                        Plaintiff / Movant
                                        1301 E. 12th St.
                                        Wilmington, DE 19809
                                        S.B.I No. 219758

DATE: March 23, 2007.

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2007, this Plaintiff did place into the H.R. Young facility's mailroom, the accompanying response to the Defendant(s)' Response To The Plaintiff's Motion For Mandatory Injunction, and that the original was mailed to the U.S. Dist. Court at 844 N. King St., Lockbox 18, Wilm., DE 19801 with a copy being mailed to D.A.G. Ms. Eileen Kelly at the Dept of Justice 820 N. French St., 6th fl. Wilm., DE 19801.

Mr. Edward J. Selby #219758
201 E. 12th St.
Wilm., DE 19809

United States District Court for the District of Delaware
844 N. King St., Lockbox 18
Wilmington, Delaware 19801
ATTN: The Hon. M.P. Thynge