Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

05-487 ×××

NIXIE        197   DC 1         00  10/05/07
            RETURN TO SENDER
            ATTEMPTED - NOT KNOWN
               UNABLE TO FORWARD

BC: 19899001818      *1827-06252-05-20

Edward Jason Selby
SBI #219758
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**Orders on Motions**
1:05-cv-00487-*** Selby v. Williams et al
PaperDocuments

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered on 9/20/2007 at 10:29 AM EDT and filed on 9/19/2007
**Case Name:** Selby v. Williams et al
**Case Number:** 1:05-cv-487
**Filer:**
**Document Number:** 55

**Docket Text:**
MEMORANDUM ORDER denying [38] Motion for Mandatory Injunction. Signed by Judge Mary Pat Thynge on 9/19/07. (ntl)

**1:05-cv-487 Notice has been electronically mailed to:**
Eileen Kelly  eileen.kelly@state.de.us

**1:05-cv-487 Notice has been delivered by other means to:**

Edward Jason Selby
SBI #219758
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/20/2007] [FileNumber=447156-0]
[1d7b315b2ccb632b43104b26de39d35621908aa4fee90284663abb08384db966d2d5
71b1fcf09d270346b812cf144e586dc6cd34634056b2f6d71290e410f5ae]]

Case 1:05-cv-00487-SLR    Document 57    Filed 10/09/2007    Page 4 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD J. SELBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-487-*** (MPT) |
| | ) |
| WARDEN RAPHAEL WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this *19* day of September, 2007, having reviewed the motion for mandatory injunction, response, reply and the papers submitted thereto;

IT IS ORDERED that the motion for mandatory injunction (D.I. 38) is **denied**, for the reasons that follow:

1. **Background.** Plaintiff, who proceeds pro se and was granted leave to proceed in forma pauperis, filed a motion for mandatory injunction to preclude defendants "from their persistence at refusing to pay reasonable postage of [his] outgoing legal mail." (D.I. 38.) On February 27, 2007, the court entered a briefing schedule. (D.I. 42.) The defendants filed a response with supporting documentation and plaintiff filed a reply. (D.I. 47, 48, 50.)

2. **Standard of Review.** When considering a motion for a preliminary injunction plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to

Case 1:05-cv-00487-SLR Document 57 Filed 10/09/2007 Page 5 of 6

eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion.** Plaintiff was housed at the Howard R. Young Correctional Institution ("HRYCI") at the time he filed his complaint. All the named defendants are located at HYRCI. Rafael Williams is the warden at HRYCI, Ms. K. Grocki is a business office employee at HRYCI, and Mr. Dial is the mailroom supervisor at HRYCI. Plaintiff alleges that in 2005 defendants would not mail his legal mail from HRYCI even though he did not have the necessary funds for postage. In plaintiff's motion for injunctive relief, filed January 12, 2007, he indicated he continued to be housed at HRYCI and that on November 30, 2006, December 1, 2006, and December 12, 2006, legal mail he attempted to send was returned "as unmailed." Plaintiff seeks an order to prohibit defendants "from their persistence at refusing to pay reasonable postage of [his] outgoing legal mail." Plaintiff notified the court on June 29, 2007 that he had been transferred from HYRCI to the Delaware Correctional Center, Smyrna, Delaware, where, to date, he remains housed. (D.I. 54.)

4. Defendants respond that since December 18, 2006, plaintiff has had no funds in his inmate account. (D.I. 47, ex. B.) Accordingly, since that time, and pursuant to the institution's mail directive, plaintiff has qualified as an indigent inmate who is entitled to free legal mail. Defendants provided an indigent inmate list which includes plaintiff's

Case 1:05-cv-00487-SLR Document 57 Filed 10/09/2007 Page 6 of 6

name. Id. Plaintiff argues that he should have been considered indigent beginning October 16, 2006, not December 18, 2006, because on October 16, 2006, he had a balance of 21 cents which lasted for two months. Plaintiff's position is that as of October 16, 2006, he lacked funds with which to pay for mail.

5. Plaintiff's claims for injunctive relief are moot for two reasons. First, he is no longer housed at HRYCI, and his motion for injunctive relief is directed towards correction employees at HYRCI. Second, exhibits submitted by defendants indicate that because plaintiff now has a zero balance, he is considered indigent and is provided with legal postage. Therefore, he has failed to demonstrate irreparable harm to justify injunctive relief.

6. **Conclusion.** Plaintiff's claim for injunctive relief is moot. Additionally, plaintiff has not demonstrated irreparable harm to justify injunctive relief. Therefore, the motion for mandatory injunction (D.I. 38) is **denied**.

_____
UNITED STATES MAGISTRATE JUDGE